**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BRACIE WELDON, individually and on behalf of those similarly situated.** | : | **CASE NO:** |
| | : | |
| | : | **Judge** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **PLAINTIFF'S COMPLAINT** |
| **CARESTAR, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Plaintiff Bracie Weldon, on behalf of herself and all others similarly situated, to recover compensation from Defendant CareStar, Inc.

2. Defendant has employed numerous employees as "care coordinators," and suffering and permitting these employees to work in excess of 40 hours per week without paying the statutory overtime.

3. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (2) on behalf of herself and a Rule 23, Federal Rules of Civil Procedure, class of others pursuant to Article II, §34a, Ohio Constitution and Ohio Rev. Code §4111.01, *et seq.*

## PARTIES

4. Plaintiff Bracie Weldon is a former employee of Defendant and a resident of this judicial district.

5. Plaintiff brings this action on behalf of herself and all other similarly situated individuals

("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendants during the relevant statutory period and have not been paid the statutory overtime.

6. Pursuant to Rule 23, Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and all other similarly situated individuals in Ohio ("Ohio Class") under Article II, §34a, Ohio Constitution, Plaintiff and the Ohio Class were, or are, employed by Defendants during the relevant statutory period and have not been paid overtime.

7. Defendant CareStar, Inc. is an Ohio corporation with its principal place of business located within this judicial district.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

9. This Court has supplemental jurisdiction to hear Plaintiff's state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiff's federal claims.

10. Venue in this Court is proper, as a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

11. Defendant is an "Employer" within the meaning of the FLSA.

12. Plaintiff and the putative collective/class members are individuals who were or are employed by Defendants and who were subject to Defendants' policies and/or practices of not paying the wages owed to them in a timely manner.

13. Plaintiff began her employment with Defendant in August 28, 2021 as a care coordinator,

2

and was paid a base salary of $51,000 per year.

14. Plaintiff routinely worked 56 hours per week but was not paid overtime for the work she performed.

15. Defendants suffered and permitted Plaintiff to work more than 40 hours in a week without timely paying her the legally mandated overtime premium.

16. Upon information and belief, Defendants have likewise failed to timely pay the FLSA Collective and the Ohio Class for work performed in the three years preceding this action.

17.  Upon information and belief, Defendants have likewise suffered and permitted the FLSA Collective and the Ohio Class to work more than 40 hours in a week without paying them the legally mandated overtime premium.

18. Defendant operates as a Case Management Provider, and advertises that it provides Care Coordinators to coordinate care for clients in multiple states, including Ohio, Kentucky, Georgia, Pennsylvania and Indiana.

19. These services include clinical assessments, home visits, CANS assessments, care plans, safety plans, and team meetings.

20. Upon information and belief, the FLSA Collective includes individuals throughout the United States.

21. Defendant was aware, or should have been aware, that Plaintiff and the putative collective and members were entitled to overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

23. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of unpaid wages, unpaid overtime, and liquidated damages. The proposed

FLSA collective is defined as follows:

> All persons who worked for Defendant as Care Coordinators and were not timely paid the appropriate overtime rate for work performed in the three years preceding this action ("FLSA Collective").

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in form is attached hereto.

25. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

26. During the applicable statutory period, Plaintiff and the putative FLSA Collective members often worked without receiving overtime for their hours worked.

27. Even if Defendants paid or were to pay Plaintiff and the FLSA Collective's wages after the pay date, such action still constitutes a violation of the FLSA. See e.g., *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

28. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay their employees the applicable overtime rate when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of failing to timely pay the minimum wage and requisite overtime rate, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known

4

to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

31. Plaintiff (the "Ohio Class Representative") brings this action under Article II, Section 34a of the Ohio Constitution as a class action pursuant to Rule 23, Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked for Defendants as Care Coordinators in the state of Ohio and were not timely paid the appropriate overtime rate for work performed in the three years preceding this action. ("Ohio Class").

32. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representative is informed and believes, and on that basis alleges, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Ohio Class.

33. Typicality: The Ohio Class Representative's claims are typical of the members of the Ohio Class. The Ohio Class worked hours similar to the Ohio Class Representative, and both the Ohio Class Representative and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate and timely minimum wage compensation and for failing to pay the appropriate overtime compensation.

34. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendants.

35. Adequacy: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

36. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay timely and appropriate minimum wage compensation to the Ohio Class Representative and the members of the Ohio Class in violation Ohio wage and hour laws;

   b. Whether Defendants' actions were willful; and

   c. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

37. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

38. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the timely and appropriate minimum wage compensation to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

39. Defendants willfully engaged in a pattern of violating Ohio wage and hour law as described in this Complaint by failing to pay their employees minimum wage when they were fully aware these employees were working and by failing to pay the appropriate overtime compensation. Defendant's conduct constituted a willful violation of Ohio law.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the FLSA Collective)

40. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

42. Defendants often suffered and permitted Plaintiff and the FLSA Collective to work more than 40 hours in a workweek without overtime compensation.

43. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

44. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT II – VIOLATION OF ORC §4111.01,** *et seq.*
**FAILURE TO PAY OVERTIME**
**(On behalf of Plaintiffs and the Ohio Class)**

46. Plaintiff and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

47. Ohio Rev. Code §4111.03, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per week.

48. Defendants suffered and permitted Plaintiff and the Ohio Class to work more than 40 hours in a workweek without paying the full overtime compensation owed to said employees.

49. Defendants violated Ohio's overtime wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Ohio Class at the required overtime rate.

50. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Class have suffered a loss of income.

51. The foregoing conduct, as alleged, constitutes a willful violation of Ohio law. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT III – BREACH OF CONTRACT/PROMISSORY ESTOPPEL**

52. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

53. Upon information and belief, Defendant, by and through its representatives and/or agents, represented to Plaintiff that it would issue a "supplemental pay" in the amount of $1,000 paid biweekly.

54. These payments were to begin in August 2022.

55. Plaintiff agreed to accept this supplemental pay in exchange for her continued employment with Defendant.

56. Defendant failed to provide this supplemental pay and as a result, is in breach of its contract with Plaintiff.

57. In the alternative, Defendant made a promise to Plaintiff to pay supplemental pay in the amount of $1,000 paid biweekly, Plaintiff relied on this promise to her detriment, and it would be inequitable for Defendant to retain the benefit of Plaintiff's work without delivering this benefit.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiff and those similarly situated employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal law;

7. An award to Plaintiff equal to her unpaid supplemental pay;

8. An award of pre and post-judgment interest;

9. An award of reasonable attorneys' fees and costs;

10. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

11. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

/s/ Matthew S. Okiishi
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorney for Plaintiffs*